Holmes F. CROUCH, Plaintiff,

v.

COMMISSIONER OF INTERNAL
REVENUE, Defendant.

No. C 77–1462 CFP.

United States District Court,
N. D. California.

March 20, 1978.

Holmes F. Crouch, in pro per.

Judith H. Johnson, Tax Div., Dept. of Justice, Washington, D.C., John M. Youngquist, Chief Asst. U.S. Atty., San Francisco, Cal., for defendant.

### ORDER GRANTING MOTION TO DISMISS

POOLE, District Judge.

Plaintiff Crouch, a self-employed income tax preparer, sued to enjoin the Internal Revenue Service from enforcing 26 U.S.C. § 6695(c), part of the Tax Reform Act of 1976, which assesses a $25 penalty against income tax preparers who fail to include their Social Security number on returns prepared for others. Plaintiff argues that such compelled disclosure of his Social Se-

curity number violates his privacy interests which are protected by the Privacy Act of 1974 and by the Constitution. He asserts that any interest the government has in its administration of the tax laws or in identifying him is fully satisfied by his furnishing of his Internal Revenue Service enrollment number, which was all that was required before § 6695(c) was added to the Code.

 The government has moved to dismiss the action on the ground that it is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). That statute provides in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." The principal issue presented by this motion is whether the penalty imposed by § 6695(c) is a tax within the meaning of the Anti-Injunction Act. It is clear that some penalties are considered taxes. For example, penalties assessed for failure to pay taxes are considered taxes. *Shaw v. United States*, 331 F.2d 493 (9th Cir. 1964). The penalty in this case is quite different, however. This penalty is against the tax preparer, not the taxpayer, and the penalty is imposed for the failure to supply a Social Security number, not the failure to pay a tax. Nonetheless, although there are no cases on this precise point, the Court is persuaded by another section of the Code that the penalty imposed by § 6695(c) is a tax within the meaning of the Anti-Injunction Act, and that therefore this action is barred.

 Section 6671 of Title 26, entitled "Rules for application of assessable penalties," provides:

"(a) Penalty assessed as tax.—The penalties and liabilities provided by this subchapter [B] shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title [26 U.S.C.] to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."

The penalty section in this case, § 6695(c), is found in subchapter B. The clear Congressional intent evidenced in § 6671 appears to be to treat all penalties imposed by subchapter B in the same manner as taxes insofar as their assessment and collection is concerned. The Anti-Injunction Act requires that the assessment and collection of taxes be unfettered by suits and by similarity of reasoning would seem to prohibit suits to prevent the assessment and collection of penalties. Once plaintiff has paid the penalties there are administrative forums in which plaintiff can prosecute his complaint, 26 U.S.C. § 6696(c), and when these administrative remedies have been exhausted plaintiff may sue to recover improper penalties in this court pursuant to 28 U.S.C. § 1346. The Anti-Injunction Act, however, prevents any such action before a tax or penalty is paid.

 Finally, plaintiff argues that the Anti-Injunction Act does not apply because he comes within one of the specific exceptions of the Act, § 7426(b)(1). That section provides a District Court with jurisdiction to grant an injunction in respect to the collection of taxes where the action is brought by a person other than a taxpayer and

"If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property . . . ."

This section is directed at the protection of third party lien holders in property, *Bob Jones University v. Simon*, 416 U.S. 725, 731 n. 6, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), and is of no avail to plaintiff.

Therefore, IT IS ORDERED that plaintiff's complaint be dismissed with prejudice.