**Virginia M. SOUTHER,**
**Petitioner-Appellant,**

v.

**G.L. MIHLBACHLER,**
**Respondent-Appellee.**

No. 82–2247.

United States Court of Appeals,
Tenth Circuit.

March 2, 1983.

Virginia M. Souther, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard W. Perkins, and Melvin E. Clark, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Virginia M. Souther appeals from an order of the district court dismissing her petition seeking to enjoin the respondent, the District Director of the Internal Revenue Service, from collecting a penalty of $500 pursuant to 26 U.S.C. § 6682. We affirm.

The petitioner filed in the district court a "Petition for Writ of Mandamus" seeking a judgment ordering the respondent to release a tax levy on her property. She alleged that the respondent acted arbitrarily and capriciously in assessing and attempting to collect a penalty under 26 U.S.C. § 6682.[1] The district court on its own motion dismissed the action because under the Anti-Injunction Act of the Internal Revenue Code, 26 U.S.C. § 7421, federal district courts have no jurisdiction to enjoin the assessment of or collection of any tax.

Section 7421(a) provides that "no suit for the purpose of restraining the assessment

---

1. 26 U.S.C. § 6682 provides for civil penalties for false statements made in connection with the withholding of income taxes.

or collection of any tax shall be maintained in any court ...." *See Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Although denominated a mandamus action, the petition seeks to enjoin the collection of taxes assessed against the petitioner. Moreover, the penalties imposed pursuant to § 6682 are "taxes" under § 7421(a). Such penalties are taxes by definition and are to be treated as taxes. 26 U.S.C. § 6671(a). *See also Professional Engineers, Inc. v. United States,* 527 F.2d 597 (4th Cir.1975) (penalty imposed for late filing of income tax return is tax within meaning of § 7421); *Crouch v. Commissioner,* 447 F.Supp. 385 (N.D.Cal. 1978) (penalty imposed for failure to include income tax return preparer's social security number is tax within meaning of § 7421).

An injunction action may be maintained only if the taxpayer demonstrates that: 1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur. *Bob Jones University v. Simon,* 416 U.S. at 737, 94 S.Ct. at 2046; *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. at 6-8, 82 S.Ct. at 1128-29. The petitioner has not satisfied this test. The central thrust of the petitioner's argument below was that she was denied a right to litigate the merits of the penalty imposed prior to its imposition. She asserted that the respondent must follow the procedures set forth in 26 U.S.C. §§ 6212 and 6213. These sections are inapplicable. Section 6212 deals with the issuance of notices of deficiency assessing a deficiency or penalty only where imposed pursuant to Subtitle A or B of Title 26; the penalty here was imposed pursuant to Subtitle F. Section 6213 is only applicable where such notices of deficiency are issued. In addition, § 6682 provides that §§ 6212 and 6213 "shall not apply in respect to the assessment or collection of any penalty imposed" by that section. Nowhere did the petitioner show that the government cannot succeed on the merits of its tax claim. Nor did the petitioner show irreparable injury. She can pay the assessed penalty and then sue for a refund. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422.

Accordingly, the order of the district court is affirmed. The mandate shall issue forthwith.