Michael J. FARRELL, Plaintiff,

v.

Patrick A. ROUAN, Chief, Collection Branch, Internal Revenue Service, Defendant.

Civ. A. No. 83CV–6356–AA.

United States District Court, E.D. Michigan, S.D.

Jan. 31, 1984.

Michael J. Farrell, III, pro se.

Geneva Halliday, Asst. U.S. Atty., Detroit, Mich., Charles H. Fash, Tax Div., Department of Justice, Washington, D.C., for defendant.

## ORDER

JOINER, District Judge.

This action was originally filed in the 1st Judicial District Court of Michigan against Patrick Rouan, who is alleged to be "a Federal Officer in the employ of the Department of Treasury, Internal Revenue Service, State of Michigan", Complaint, ¶ 3. As such, the case could properly be, and was, removed to this Court by virtue of 28 U.S.C. § 1442, which provides in part that:

(a) A civil action or criminal prosecution commenced in a State Court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminal or the collection of the revenue.

Defendant has now moved to dismiss the complaint for lack of jurisdiction and for failure to state a cause of action. The Court agrees with defendant that there are three separate and independent grounds sufficient to justify dismissal in this case, and therefore grants this motion.

Plaintiff alleges in his complaint that defendant improperly levied upon plaintiff's property without fulfilling his "mandatory duty to advise (plaintiff) of his rights in collection". Plaintiff seeks a declaration that the levy is unlawful, null and void for want of due process, and an order restoring the proceeds of the levy to plaintiff. In essence, plaintiff seeks to prevent the defendant, acting in his capacity as an official of the Internal Revenue Service, from fulfilling his duties to collect federal taxes.

■ First, this suit is barred by the doctrine of sovereign immunity, because it is one, the goal of which is "to restrain the government from acting, or compelling it to act," *Bramblett v. Desobry*, 490 F.2d 405, 406 (6th Cir.1974). Although plaintiff claims that defendant violated his statutory duties and denied plaintiff his rights to due process, this action is not one for recovery of damages as a result of violation of civil rights. If it were, the doctrine of sovereign immunity would not apply.

■ Second, this action is barred by operation of the Anti-Injunction Act, 26 U.S.C. § 7421(a). This statute provides in pertinent part that:

(N)o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.

The Courts have read the Anti-Injunction Act to apply to the imposition of penalties by the I.R.S. for failure to comply with the voluntary self-assessment procedures of the tax laws, *Crouch v. United States*, 447 F.Supp. 385 (N.D.Cal.1978). In this case, plaintiff was assessed a $500 penalty under authority of 26 U.S.C. § 6682 for filing a false Employee's Withholding Allowance Certificate. The Anti-Injunction Act prohibits the maintenance of this action unless plaintiff can satisfy the strict requirements set down by the Supreme Court in *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), whereby, in order to avoid the prohibition of the Anti-Injunction Act, the plaintiff must establish that, under the most liberal view of the facts and the law, the Government cannot prevail on the merits, and that plaintiff would be deprived of an adequate remedy at law if the suit were

not entertained. The Court finds that plaintiff has failed to satisfy either of these two essential prerequisites to maintaining this suit.

■ Finally, the Court agrees with defendant that, even if the Court had jurisdiction to hear this case, the plaintiff has failed to state a cause of action, therefore necessitating dismissal of the complaint under Fed.R.Civ.P. 12(b)(6). Plaintiff has failed to inform the Court of the source of the alleged obligation of defendant to inform plaintiff of his rights prior to levying against the plaintiff's wages. To be sure, plaintiff alleges that the levy, undertaken prior to a judicial hearing, violated his rights to due process, which rights are protected the Fifth Amendment to the United States Constitution. The Supreme Court has stated, however, that the federal government has the power to engage in summary procedures for the collection of revenue without prior resort to a judicial proceeding, *Fuentes v. Shevin*, 407 U.S. 67, 90–92, 92 S.Ct. 1983, 1999–2000, 32 L.Ed.2d 556 (1972). The plaintiff's allegations are not supported by the law.

■ The Court further agrees that the instant action is so lacking in merit as to justify the imposition of costs and reasonable attorney's fees against the plaintiff, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). The Court therefore orders the defendant to submit a bill of costs and of attorney's fees reasonably incurred in the defense of this action within 20 days from the date of this order. The plaintiff will then have 20 days from the date of filing of this bill in which to file his objections to any of the particular items for which defendant seeks reimbursement. The Court without further briefing, will then make a determination of the amount of costs and attorney's fees which may be recovered by the defendant, and enter final judgment.

SO ORDERED.