798 F.2d 471
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karl F. SAYLES, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1227.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of petitioner's appeal from the district court's judgment dismissing his taxpayer's complaint. Respondent has requested that this Court assess sanctions against petitioner pursuant to Rule 38, Federal Rules of Appellate Procedure, due to the frivolous nature of this case. The matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs, and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was assessed a $500 penalty by the Internal Revenue Service for filing a false withholding statement. He did not pay the penalty and seek a refund. Instead he filed a complaint in the district court alleging, that the Internal Revenue Commissioner denied him due process by assessing the penalty without providing him a prior judicial hearing. Petitioner sought temporary and permanent injunctive relief, an abatement of the penalty and monetary damages. The district court granted respondent's motion to dismiss, holding that the matter was barred from review due to the doctrine of sovereign immunity, and the court's lack of jurisdiction. Moreover, the Court held that injunctive relief was prohibited by the Anti-Injunctive Act, and the matter is, in essence, frivolous. Petitioner filed a timely notice of appeal.
 
 
 3
 Upon consideration, this Court finds that the district court's judgment must be affirmed, and respondent's request for sanctions granted.
 
 
 4
 26 U.S.C. S6682(a) authorizes the Internal Revenue Service to assess a $500 civil penalty against any individual who files a false withholding statement. Petitioner does not contend that his withholding statement contained true information. Rather, he challenges the procedure by which he was penalized. There is no due process violation inherent in requiring a taxpayer to pay a tax levy prior to challenging its validity. See Bob Jones University v. Simon, 416 U.S. 725 (1974); Alexander v. "American United" Inc., 416 U.S. 752 (1974); Capps v. Eggers, Slip Op. No. 85-2020, (5th Cir. February 20, 1986). The penalty imposed in this case is considered to be a tax. See Souther v. Mihlbachler, 701 F.2d 131 (10th Cir. 1983).
 
 
 5
 The Anti-Injunctive Act, 26 U.S.C. S7421(a), provides that "Except as provided in sections 6212(a)(c) and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." See Enochs v. Williams Packing Co., 370 U.S. 1 (1961). The exceptions to 26 U.S.C. S7421(a) do not apply to this case; nor does petitioner demonstrate that injunctive relief is warranted by application of the judicially created exception to 26 U.S.C. 57421(a). He fails to demonstrate that there is no likelihood of the government establishing its claim, and ' that without injunctive relief he will suffer irreparable injury. See Enochs, supra:Reams v. Vrooman-Fehn Printing Co., 140 F.2d 237 (6th Cir. 1944).
 
 
 6
 Finally, the real party in interest in this matter is the United States Government, and the impact of injunctive relief will directly affect the public treasury. Hence, the matter is barred by sovereign immunity. See United States v. Mitchell, 445 U.S. 535 (1980).
 
 
 7
 Petitioner was aware of the frivolous nature of this matter, as well as the proper procedure for seeking redress, prior to taking this appeal. Hence, sanctions pursuant to Rule 38, Federal Rules of Appellate Procedure, are warranted in this case for abuse of the judicial system due to petitioner filing a frivolous appeal. See Perkins v. Commissioner 746 F.2d 1187 (6th Cir. 1984); Capps, supra.
 
 
 8
 It is therefore ORDERED that attorney fees be and hereby are assessed against petitioner as sanctions pursuant to Rule 38, Federal Rules of Appellate Procedure. It is further ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.