Daniel T. and Marsha L. MILLER, individually, and the marital community comprised thereof, Plaintiff,

v.

UNITED STATES of America, and United Airlines, Inc., Defendant.

No. CS–92–0230–AAM.

United States District Court, E.D. Washington.

Dec. 15, 1992.

Daniel T. and Marsha L. Miller, pro se.

John A. Manix, Paine, Hamblen, Coffin, Brooke & Miller, Spokane, WA, for defendant United Airlines.

William D. Hyslop, U.S. Atty., Carroll D. Gray, Asst. U.S. Atty., Spokane, WA, Robert P. Brouillard, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant U.S.

## ORDER DENYING MOTION FOR RE-MAND & GRANTING MOTIONS TO DISMISS; AND ORDER TO SHOW CAUSE

McDONALD, District Judge.

Before the court for resolution without oral argument are the following motions: (1) the plaintiffs' Demand for Evidentiary Hearing and Motion for Remand to State Court (Ct. Rec. 7); (2) United Airlines, Inc.'s Motion for Dismissal or Summary Judgment (Ct.Rec. 16); (3) United Airlines, Inc.'s Motion for Order Granting Relief Requested in Motion for Dismissal Due to Plaintiffs' Failure to File or Serve Response (Ct.Rec. 24); and (4) United States' Motion to Dismiss Complaint (Ct.Rec. 20). The plaintiffs appear in this matter **pro se**. Mr. John Manix of Paine, Hamblen, Coffin, Brooke & Miller represents the defendant United Airlines, Inc. United States Attorney William D. Hyslop, Assistant United States Attorney Carroll D. Gray, and Mr. Robert P. Brouillard appear on behalf of the United States. For the reasons set forth below, the plaintiffs' demand for evidentiary hearing and motion for remand are denied, United Airlines' motion to dismiss is granted, and the United States' motion to dismiss is granted.

## STATEMENT OF FACTS

Daniel T. Miller is a commercial airline pilot employed by defendant United Airlines, Inc. ("United"). Mr. Miller believes, based on his own interpretation of state and federal law, that he is under no obligation to pay federal income taxes. Consequently, he has refused to file an income tax return since the mid–1970's. In 1987, the Internal Revenue Service (IRS) attempted to collect on Mr. Miller's income tax delinquency by serving levies against his wages. In response, Mr. Miller filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Washington. (No. 87–03919–K11). Mr. Miller also filed three adversary proceedings in the Bankruptcy Court, each under a different cause number. In one of the adversary proceedings, Adv.

Cause No. A91–0094–K11, Mr. Miller sought an order restraining United from complying with the IRS wage levies. Due to the automatic stay provisions of the Bankruptcy Code, collection activities were suspended for more than four years.

Mr. Miller's core bankruptcy proceeding and his three adversary actions were dismissed by order of the Honorable John M. Klobucher on July 24, 1991. Judge Klobucher found that Mr. Miller's bankruptcy case and the adversary proceedings filed therein were "an abuse of process." Mr. Miller's motion for reconsideration of the order of dismissal was denied on September 3, 1991. Mr. Miller appealed Judge Klobucher's order denying reconsideration to the United States District Court for the Eastern District of Washington.[1] The appeal was assigned to the Honorable Fred Van Sickle who denied Mr. Miller's motions to extend the automatic stay pending disposition of the appeal. On May 13, 1992, Judge Van Sickle affirmed Judge Klobucher's September 3, 1991 order denying the motion for reconsideration.

On May 15, 1992, Mr. Miller attempted to file an appeal of Judge Klobucher's July 24, 1991 order which dismissed the Chapter 11 and adversary proceedings. On May 22, 1992, Judge Van Sickle dismissed the Notice of Appeal, finding the deadline for appealing the July 24 order had elapsed in August of 1991.

When the IRS recommended its levying activities following Judge Klobucher's dismissal of Mr. Miller's Chapter 11 proceeding, Mr. Miller informed United that he had filed a suit against United and its board of directors in the Superior Court of the State of Washington, Lincoln County, under Cause No. 87–2–0006409. Mr. Miller apparently filed the Lincoln County action in 1987, immediately prior to filing his Chapter 11 proceeding. United had no knowledge of the Lincoln County action until after the dismissal of the Chapter 11 proceeding in 1991. On October 11, 1991, Mr. Miller filed a motion for a temporary restraining order in the Lincoln County action, seeking to restrain United from complying with the IRS wage levies.

---

1. Mr. Miller did not appeal Judge Klobucher's initial order dismissing the bankruptcy action

and the deadline for appealing that order has expired.

That motion was denied by Lincoln County Superior Court Judge Philip W. Borst on October 22, 1991, but the Lincoln County action remains open.

Upon Judge Borst's denial of the motion for a temporary restraining order, Mr. Miller and his wife Marsha L. Miller filed this action against the United States and United Airlines in the Superior Court for Spokane County. The complaint alleges that the IRS failed to mail plaintiff a statutory Notice of Deficiency as required by I.R.C. § 6212(a), as well as the notices required by I.R.C. §§ 6303(a), 6331(d) and I.R. Manual 5400. The complaint further alleges that no assessment was recorded in compliance with I.R.C. § 6201 and 6203 and Treas.Reg. § 301.6203–1. The Millers seek to quiet title to Mr. Miller's past and future wages. They seek an order enjoining the United States from garnishing Mr. Miller's future wages and enjoining United from complying with the IRS garnishment of such wages. The Millers also pray for return of the wages previously garnished by United Airlines and for treble that amount in damages from the United States.

The Spokane County action was removed to this court by the United States pursuant to 28 U.S.C. § 1441(a). The Millers have filed a "Demand for Evidentiary Hearing and Motion for Remand to State Court." Defendant United States of America moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Defendant United Airlines moves to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment based on res judicata grounds.

## DISCUSSION

1. *Plaintiff's Demand for Evidentiary Hearing and Motion for Remand to State Court.*

On June 2, 1992, the Summons and Complaint in the Spokane County action, along with a Motion for Temporary Restraining Order, a Motion for Preliminary Injunction and related papers, were presented to a re-ceptionist at the United States Attorney's Office for the Eastern District of Washington in Spokane. The receptionist was not an individual designated to accept service by the United States Attorney. Notwithstanding this improper service, Assistant United States Attorney William H. Beatty specially appeared at the Spokane County Superior Court on June 3, 1992, to resist the Millers' motion for a temporary restraining order. The motion was denied.

■ The United States removed the action to this court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, on June 9, 1992. Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The district courts have original jurisdiction of "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws...." 28 U.S.C. § 1346(a)(1). The gravamen of the plaintiffs' complaint concerns the allegedly illegal assessment of Mr. Miller's income tax delinquency and the resulting improper collection of that delinquency through garnishment procedures. Thus, removal of the action to this court was proper under 28 U.S.C. § 1441(a).

■ The Millers move for an order remanding the case to the state court pursuant to 28 U.S.C. § 1447(c), on the basis that this court lacks subject matter jurisdiction. Specifically, the Millers argue that the case involves no questions arising under the Constitution, treaties, or laws of the United States and that "[w]ithout federal law being at issue there cannot be any subject matter jurisdiction for this court." This court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1346(a)(1), 1441, 1442(a), and 2410, because this action is against the United States and seeks to (1) quiet title to assets in which the United States claims an interest, (2) enjoin the United States from collecting Federal taxes from the plaintiffs, and (3) require payment of damages by the United States for the manner in which it is collecting federal taxes. Because the plaintiffs' argument is without merit, **IT IS HEREBY ORDERED** that their motion for remand is **DENIED**.

■ The Millers claim to be entitled to a prompt evidentiary hearing on their motion for remand, pursuant to 28 U.S.C. § 1446(c)(5). Section 1446(c) pertains only to criminal cases and has no application in civil proceedings. Therefore, **IT IS FURTHER ORDERED** that the plaintiffs' demand for an evidentiary hearing is also **DENIED**.

2. *Defendant United Airlines' Motion for Dismissal or Summary Judgment.*

■ The complaint seeks to enjoin United from "converting plaintiff's property (wages) to the United States, its agency, the IRS or any third party without Daniel T. Miller's authorization" and to require United to reimburse the plaintiffs for the amount previously withheld from Mr. Miller's wages for payment to the IRS. United moves to dismiss the claims against it, arguing that it had no choice but to comply with the IRS wage levies and that its compliance is subject to immunity.

Section 6332(a) of the Internal Revenue Code provides that "any person in possession of ... property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights ... to the Secretary...." 26 U.S.C. § 6332(a). A person who fails to surrender the property subject to the levy upon demand of the Secretary, "shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, ... together with costs and interest on such sum ...," and shall also be liable for a penalty equal to 50 percent of that amount, 26 U.S.C. § 6332(d). On the other hand, one who complies with the Secretary's demand and surrenders the property is immune from any legal action by the delinquent taxpayer with respect to such property or rights to property arising from the surrender or payment. 26 U.S.C. § 6332(e).

In light of the immunity provided by § 6332(e), the plaintiffs' complaint, insofar as it seeks damages from United, must be dismissed for failure to state a claim upon which relief can be granted.

With respect to the plaintiffs' claim for injunctive relief, the anti-injunction provision of the Internal Revenue Code, 26 U.S.C. § 7421, expressly prohibits suits seeking to enjoin the assessment or collection of taxes. Section 7421(a) in relevant part states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The purpose of the anti-injunction provisions is "to preserve the Government's ability to assess and collect taxes expeditiously with 'a minimum of preenforcement judicial interference' and 'to require that the legal right to the disputed sums be determined in a suit for refund.'" *Church of Scientology of California v. United States,* 920 F.2d 1481, 1484–85. (9th Cir.1990) (quoting, *Bob Jones Univ. v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974)).

■ To avoid the jurisdictional bar, the taxpayer must (1) satisfy an exception to § 7421 **and** (2) allege sufficient grounds to warrant equitable relief. *Elias v. Connett,* 908 F.2d 521, 523 (9th Cir.1990). Failure by the plaintiff to meet either of these requirements deprives a court of subject matter jurisdiction and mandates dismissal. *Id.* at 523. The Millers have not responded to United's motion to dismiss, but the complaint alleges that the IRS failed to comply with the notice requirements set forth in 26 U.S.C. § 6212(a). Specifically, the complaint states "that defendant, United States, did not issue by registered or certified mail, and has not to date, mailed to plaintiff a statutory Notice of Deficiency described in their Internal Revenue Code Section 6212(a), which Notice of Deficiency for the periods ending 1977–1987 was required to be mailed to plaintiff's last known address by reason of their Internal

Revenue Code Section 6212(b)." Complaint, p. 17, ¶ 87.

■ The IRS is required to give notice to a taxpayer before it assesses or collects any deficiency. I.R.C. § 6213(a); *King v. Commissioner*, 857 F.2d 676, 679 (9th Cir.1988).[2] Upon receipt of a notice of deficiency, the taxpayer has ninety days to file an action in the Tax Court for a redetermination of the deficiency. I.R.C. §§ 6213(a), 6215. The IRS's noncompliance with the notice requirements of § 6212(a), (c), and § 6213 is a recognized exception to § 7421's general proscription against injunctive relief. *Elias*, 908 F.2d at 523.

■■ But even assuming this court has jurisdiction under that exception, the Millers have not alleged sufficient grounds to warrant equitable relief. It is not enough to allege that the lack of notice deprived plaintiffs of the opportunity to challenge the deficiency in the tax court. They must show they cannot pay the assessed liability without undue hardship. *Elias*, 908 F.2d at 526 (where plaintiff fails to show that he cannot pay his assessed liabilities and file an action for a refund, he is not entitled to equitable relief even though he has lost the opportunity to challenge his deficiencies in the tax court).

The Millers have offered no evidence to show they cannot pay the assessments and later seek a refund. The record is void of evidence regarding the Millers' income or the portion of that income subject to the IRS's levy. Thus, the plaintiffs have failed to demonstrate the lack of an adequate remedy at law and the possibility of irreparable harm in the event injunctive relief is denied. Because the second prong of the jurisdictional test is absent, this court lacks jurisdiction over the plaintiffs' claims for injunctive relief and those claims must be dismissed. Accordingly, **IT IS ORDERED** that United's motion to dismiss is **GRANTED**. The claims against United are **DISMISSED WITH PREJUDICE.**[3]

### 3. *United States' Motion to Dismiss Complaint.*

The government moves to dismiss the complaint for lack of subject matter jurisdiction. The government's motion is based on two grounds: (1) the complaint fails to allege facts sufficient to invoke a waiver of sovereign immunity under 28 U.S.C. § 2410, and (2) the Anti–Injunction Act bars plaintiffs' request for injunctive relief.

■ "The United States is a sovereign entity and may not be sued without its consent." *Elias*, 908 F.2d at 527 (citing *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Absent its express consent to suit, an action against the United States must be dismissed for lack of subject matter jurisdiction. *Id.* Under 28 U.S.C. § 2410, Congress conferred a limited waiver of sovereign immunity for quiet title actions affecting property encumbered by a tax lien.[4] However, "[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax lien." *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir.1992) (quoting *Elias*, 908 F.2d at 527).

■ The Millers essentially allege that they are not subject to federal taxing, that no tax deficiency exists, and that the assessment is invalid. To the extent that these allegations go to the merits of the

---

2. I.R.C. § 6213(a) in pertinent part provides that "no assessment of a deficiency . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer . . . [and n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

3. Because the court finds that the plaintiffs' claims against United must be dismissed pursu-

ant to Rule 12(b), there is no need to address United's alternative motion for summary judgment.

4. In pertinent part, § 2410(a) provides:

[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien.

Millers' assessment rather than the procedural validity of the IRS lien, jurisdiction under § 2410 is absent and the claims are barred. *Hughes,* 953 F.2d at 538; *Elias,* 908 F.2d at 527. However, the complaint also alleges that the IRS failed to comply with the notice requirements of 26 U.S.C. § 6303(a). While this allegation concerns the procedural validity of the IRS's lien, it fails to support the Millers' § 2410 cause of action for **previously** garnished wages. The procedural validity of a tax lien under § 2410 may only be contested if the government claims a lien or mortgage on the property **at the time the action is commenced.** *Hughes,* 953 F.2d at 538. No jurisdiction under § 2410 exists for claims "relating to personal property, such as previously garnished wages, in which the government now claims a title interest, instead of a mere lien interest." *Id.* Thus, the plaintiffs' action to quiet title to wages previously withheld is barred by sovereign immunity and must be dismissed.

█ Any claims against the United States with respect to Mr. Miller's future wages are barred by the anti-injunction provisions of § 7421, as fully discussed above. Accordingly, **IT IS ORDERED** that the United States' motion to dismiss is **GRANTED.**

4. *Rule 11 Sanctions.*

█ Rule 11 of the Federal Rules of Civil Procedure in relevant part provides:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable ex-

penses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11. Upon review of the entire record, it appears that the plaintiffs' complaint and their demand for evidentiary hearing and motion for remand were filed in violation of Rule 11. The filing of the instant complaint, following an adverse ruling in an identical action brought in Lincoln County, constitutes abusive litigation and a misuse of the court's process. The plaintiffs' demand for an evidentiary hearing and motion for remand is not grounded in fact or law and is therefore frivolous. Under most circumstances, such conduct would warrant the imposition of sanctions under Rule 11. On this basis, the court is prepared to award the defendants costs and attorney's fees. However, in light of the complexities of the Internal Revenue Code and the fact that the plaintiffs are proceeding **pro se**, the court shall first permit the plaintiffs an opportunity to show cause why such sanctions should not be imposed. Accordingly, **IT IS ORDERED** that the plaintiffs shall have until January 15, 1993, to file a brief addressing the issue of sanctions under Rule 11.

**IT IS SO ORDERED.**