82 F.3d 424
 77 A.F.T.R.2d 96-1669, 96-1 USTC P 50,241,
Pens. Plan Guide P 23922B
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry A. WEILER; Frances L. Weiler, Plaintiffs-Appellants,
v.
UNITED STATES of America; Securities Transfer Corporation;
American Financial Corporation; Carpenters Southern
California Administrative Corporation; Carpenters Pension
Trust for Southern California, Defendants-Appellees.
 No. 94-56465.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1996.*
Decided April 10, 1996.
 
 1
 Before: PREGERSON and T.G. NELSON, Circuit Judges, and EZRA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 This case arises out of various federal taxes and penalties assessed against Appellants Henry A. Weiler and Frances L. Weiler (collectively "the Weilers") for the tax years 1981 and 1983 through 1988.
 
 I.
 
 4
 The Weilers argue that the district court erred by granting AFC's Fed.R.Civ.P. 12(c) motion for judgment on the pleadings because the court reviewed evidence outside the pleadings without providing notice that it was going to do so. We conclude that the district court did not go outside of the pleadings in considering both the declaration of Thomas E. Mischell, a Vice President of AFC and a copy of the notice of levy that AFC received from the IRS. Although these documents were attached to AFC's motion to dismiss and/or judgment on the pleadings, they were in substance made part of AFC's answer.[1] See Townsend v. Columbia Operations, 667 F.2d 844, 848-49 (9th Cir.1982). Neither document contained any information that was previously unavailable for the district court's consideration.
 
 II.
 
 5
 The district court properly dismissed the Weilers' fifth and sixth causes of action because as a matter of law, they cannot prevail on a claim for conversion against AFC and CPT. In general, any person in possession of or obligated with respect to property or rights to property subject to levy upon which levy has been made, must surrender the property or rights to the Secretary of the Treasury. 26 U.S.C.A. § 6332(a) (West Supp.1995). A person who fails to surrender the property subject to levy upon demand of the Secretary, "shall be liable in his own person and estate to the United States in a sum equal to the value of property or rights not so surrendered, ... together with costs and interests on such sum ...," and also shall be liable for a penalty equal to 50 percent of that amount. 26 U.S.C.A. § 6332(d); Farr v. United States, 990 F.2d 451, 456 (9th Cir.) (citing United States v. National Bank of Commerce, 472 U.S. 713, 721-26 (1985)), cert. denied, --- U.S. ----, 114 S.Ct. 634 (1993). Additionally, such third persons are generally "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to the property or rights to property arising from the surrender of payment." 26 U.S.C.A. § 6332(e); 26 C.F.R. § 301.6332-1(c) (1995); see Farr, 990 F.2d at 456; United States v. Miller, 817 F.Supp. 1493, 1497 (E.D.Wash.1992), aff'd, 40 F.3d 1246 (9th Cir.1994).
 
 
 6
 We hold that the district court did not err in concluding that the non-governmental defendants were immune from liability under § 6332(e). First, in Maisano v. Welcher, 940 F.2d 499, 502 (9th Cir.1991), we expressly rejected the Weilers' assertion that the grant of statutory immunity is only available to custodians of levied property of federal employees pursuant to 26 U.S.C.A. § 6331(a) (West Supp.1995). Second, the Weilers' argument that the levy notices sent to AFC and CPT did not cover Henry Weiler's pension payments and Frances Weiler's dividend income is without merit. An IRS levy extends to property and rights to property which exist "at the time the levy is made," see 26 C.F.R. § 301.6331-1(c) (1995), and Congress intended to attach a broad meaning to the statutory language "all property and rights to property." National Bank of Commerce, 472 U.S. at 719-20. The phrase is expansive and reflects Congress's intent to "reach every interest in property that a taxpayer might have." Id.[2]
 
 
 7
 The Weilers further contend that CPT is not immune under 6332(e) because beginning in April 1993, after its receipt of a fourth Notice of Levy, CPT began turning over all of Henry Weiler's pension, without exemptions, at the request of the IRS. Prior to that time, CPT had exempted $383.34 from each payment to the IRS and paid this amount directly to Henry Weiler. The Weilers' exclusive reliance on Farr v. United States is misplaced. That case involved an employer's failure to honor the workmen's compensation exemption under 26 U.S.C.A. § 6334(a)(7) in attempting to comply with a notice of levy on the employee's wages. 990 F.2d at 456-57. We determined that the IRS had not levied upon worker's compensation benefits and therefore, the employer was not immune from liability from turning those funds over to the IRS. Here, however, the Weilers claim that the levy on Henry Weiler's pension was subject to exemption under sections 6334(a)(9) and 6334(d), which provide for a minimum exemption and its method of calculation for wages, salary and other income. The exemption under Section 6334(a)(9) is different from a section 6334(a)(7) exemption in that under the former provision, the district director may determine that no amount of wages, salary or other income is exempt, as long as notice is given to the person who has been presented with the notice of levy. 26 C.F.R. § 301.6334-2(c)(1) (1995). Additionally, "[t]he employer or other person upon whom the levy is served may rely on such notification in paying over amounts pursuant to the levy." Id. In contrast, section 6334(a)(7), which applies to workers compensation benefits, provides for an exemption in absolute terms. See 26 U.S.C.A. § 6334(a)(7).
 
 III.
 
 8
 We have held that 28 U.S.C.A. § 2410 (West 1994) permits quiet title actions to challenge the procedural aspects of tax liens, but not to collaterally attack the merits of the underlying tax assessments. Huff v. United States, 10 F.3d 1440, 1445 (9th Cir.1993) (citing Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991)), cert. denied, --- U.S. ----, 114 S.Ct. 2706 (1994); Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). We affirm the district court's dismissal of the Weilers' quiet title claim because they have presented no evidence to counter the Government's showing that all required procedures were followed with respect to the making of assessments, creation of the tax liens, and the issuance of levies against them. Furthermore, we reject the Weilers' allegation that they were deprived of due process because the district court first dismissed their third cause of action and then proceeded to grant summary judgment as to that claim. The record reflects that the Weilers had an ample opportunity to respond to the merits of the Government's summary judgment motion.
 
 IV.
 
 9
 The district court also correctly determined that it lacked subject matter jurisdiction over the Weilers' claim for injunctive relief under both the statutory and judicial exceptions to the Anti-Injunction Act.
 
 
 10
 Actions to enjoin the assessment and collection of taxes by the IRS are narrowly limited by the Anti-Injunction Act. 26 U.S.C.A. § 7421 (West 1989);[3] Elias, 908 F.2d at 523. The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the statutorily or judicially created exceptions to the act. See Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987).
 
 
 11
 The IRS is generally precluded from assessing or collecting a "deficiency" in tax until a notice has been duly issued to the taxpayer and the taxpayer is afforded an opportunity to contest the asserted deficiency in Tax Court. See 26 U.S.C.A. § 6213(a) (West 1989). Under 26 U.S.C.A. § 6211 (West 1989), a "deficiency" refers only to "income, estate, and gift taxes imposed by subtitles A and B and to excise taxes imposed by chapters 41, 42, 43, or 44," and generally is defined as the difference between the actual correct tax for the year and the tax shown on the taxpayer's return for the year. 26 U.S.C.A. § 6211(a); 26 C.F.R. § 301.6211-1 (1995). Accordingly, taxes and penalties imposed by other parts of the Code are not subject to deficiency procedures and may be immediately assessed without regard to the restrictions of § 6213(a). The Weilers sought injunctive relief against IRS collection action for the 1984 excise tax liability imposed pursuant to 26 U.S.C.A. § 1491 (West 1988) and related penalties imposed against them for tax years 1984 through 1988. However, the excise tax imposed pursuant to section 1491 does not fall within the definition of deficiency under 6211: it neither constitutes an income, estate or gift tax nor is an excise tax imposed under chapter 41, 42, 43, or 44. See 26 U.S.C.A. § 6211(a). See Freedman v. Commissioner, 71 T.C. 564, 566-68 (1979) (declining to apply section 6211(a) deficiency procedures to section 1491 excise tax).
 
 
 12
 Similarly, the related negligence and failure to file penalties imposed under 26 U.S.C.A. § 6651 (West 1989), imposed in connection with the property transferred by the Weilers are not "deficiencies" within the meaning of Section 6211(a). These penalties are collected in the same manner as the taxes with respect to which such penalties are asserted. See 26 U.S.C.A. § 6665(b) (West Supp.1995); Fendler v. Commissioner, 441 F.2d 1101, 1102 (9th Cir.1971). Additionally, the penalties assessed against the Weilers for their failure to file information returns required by 26 U.S.C.A. § 6048 (West 1989)[4] are specifically exempted from deficiency procedures by statute. See 26 U.S.C.A. § 6677(b) (West 1989).
 
 
 13
 The Weilers unsuccessfully argue that the Anti-Injunction Act does not apply to "penalties." On the contrary, penalties assessed for failure to pay taxes are considered taxes and are subject to the Anti-Injunction Act. Shaw v. United States, 331 F.2d 493, 496 (9th Cir.1964); O'Brien v. Evans, 560 F.Supp. 228, 229 (D.Ore.1983); Crouch v. Commissioner, 447 F.Supp. 385, 386 (N.D.Cal.1978). Moreover, there is no merit to the Weilers' claims that the IRS cannot enforce section 6048, requiring information returns as to certain foreign trusts, because its accompanying regulation, 26 C.F.R. § 16.3-1(c) (1995), has expired, or that § 6048 does not require the filing of annual returns. See 26 U.S.C.A. § 6048(c).
 
 
 14
 Moreover, the Weilers' claim for injunctive relief does not fall under the narrow judicial exception to the preclusive effect of the Anti-Injunction Act. Enochs v. Williams Packaging & Navigation Co., 370 U.S. 1, 7 (1962). Under Enochs, injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstances could the Government prevail, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. Id.; see Elias, 908 F.2d at 525. The Weilers cannot satisfy either prong of the Enochs standard. Here, the record is replete with evidence that the Government complied with all necessary procedures in creating valid assessments and collecting on them, and in imposing tax penalties. Additionally, the Weilers have not established that they suffer from more than mere financial hardship, which does not suffice for a finding of irreparable injury. Elias, 908 F.2d at 526-27.
 
 
 15
 Thus, the district court correctly determined that the Weilers had "alleged no facts which would bring them within an exception to the Anti-Injunction Act[,]" and dismissed the fourth cause of action.
 
 V.
 
 16
 The district court did not err in granting summary judgment in favor of the Government after concluding (1) that it did not have subject matter jurisdiction over the Weilers' refund claims, or (2) that the Weilers failed to state any valid ground for obtaining an income tax refund for either 1981 or 1983.
 
 
 17
 The Government only consents to be sued in a tax refund action if (1) the taxpayer pays the requisite amount of tax assessed, see Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985), (2) files a claim with the IRS within the time prescribed by statute, see 26 U.S.C.A. § 6511 (West 1989) and 26 U.S.C.A. § 7422(a) (West Supp.1989), and (3) files the tax refund suit within the time constraints prescribed by 26 U.S.C.A. § 6532(a)(1). See United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269 (1931).
 
 
 18
 The parties focus on the second requirement above. The Weilers contend that they filed "informal claims" for refunds for the years 1981 and 1983 and satisfied the jurisdictional requirement set forth in § 7422. However, neither document filed by the Weilers for those years contained written declarations under penalties of perjury, as required by 26 C.F.R. § 301.6402-2(b)(1) (1995). Nevertheless, the Weilers argue that the absence of the declarations do not nullify the effect of their purported claims, citing to United States v. Kales, 314 U.S. 186 (1941), and Angelus Milling Co. v. Commissioner, 325 U.S. 293 (1945), which discuss the limited circumstances in which the IRS can be deemed to have waived the formal requirements of refund claims. The district court correctly concluded that there is no evidence in the record of such waiver by the IRS here. See Conclusions of Law, at pp 4, 5. Moreover, even assuming arguendo that the Weilers could have established that they filed timely and valid claims for refunds, they provide no cognizable basis for the allowance of a refund.
 
 
 19
 The district court's rulings are AFFIRMED in all respects.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mischell's declaration, which consists of five brief paragraphs, states that AFC is a publicly traded Ohio corporation, responsible for, among other things, dispersing dividends to its shareholders; that Frances Weiler is shareholder of AFC stock; that in 1991, AFC was served with an IRS Notice of Levy in respect of her unpaid federal tax liabilities (Exhibit A to the Declaration); and that in response to the notice, AFC surrendered a dividend payment of $2,404.80 to the IRS
 
 
 [2]
 Moreover, contrary to the Weilers' assertions, the IRS had the authority and right to impose a continuous levy against Henry Weiler's pension payment because it was an "obligation" subject to levy under § 6331(b): "Obligations exist when the liability of the obligor is fixed and determinable although the right to receive payment thereof may be deferred to a later date." 26 C.F.R. § 301.6331-1(a)(1); cf. 26 C.F.R. § 301.6331-1(b) (providing for continuing effect of on salary or wages from the time levy is originally made until it is released). Since Henry Weiler's pension benefit payments are both fixed and determinable, only one notice of levy was needed to have a continuing effect on Henry Weiler's pension benefits
 
 
 [3]
 The Anti-Injunction Act provides in part:
 (a) Tax.--Except as provided in section 5212(a) and (c), 6123(a), 6672(b), 6694(c), 7426(a) and (b)(1) and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall not be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.
 26 U.S.C.A. § 7421.
 
 
 [4]
 Section 6048 requires a taxpayer to file returns in connection with the transfer of any money or property to a foreign trust by a citizen of the United States. 26 U.S.C.A. § 6048