[Civ. No. 47744. Second Dist., Div. Two. Apr. 22, 1976.]

ALVIN WECHSLER, Plaintiff and Appellant, v.
HOME SAVINGS AND LOAN ASSOCIATION,
Defendant and Respondent.

■■■■■■■■■■■■

COUNSEL

Marcus, Wechsler & Weiss and Marvin H. Weiss for Plaintiff and Appellant.

Coyle, Dunford, Marrone & Robinson and J. Alan Frederick for Defendant and Respondent.

OPINION

BEACH, J.—Alvin Wechsler sued defendant Home Savings and Loan Association (Home) and other defendants on various legal theories based on the alleged wrongful delivery by Home to the Internal Revenue Service (IRS) of trust accounts for which Wechsler was the trustee.[1] Home denied the allegations in the complaint and alleged six affirmative defenses, including laches, estoppel, and the bar of title 26, Internal Revenue Code section 6332. Home's motion for summary judgment, based on its notice, points and authorities, declarations, and all "pleadings, records and papers on file . . .", was granted by the trial court. Wechsler appeals from the summary judgment.

FACTS:

The essential facts are not disputed. Disregarding for the moment appellant's legal conclusions, we recite the facts as stated by appellant and supported by the record. Alvin Wechsler was the trustee of trusts executed in about 1950; in his declaration he asserted he has no right, title, or interest thereto. He opened two savings accounts at Home in January 1971. One account was designated "Alvin Wechsler, Trustee, Trust No. 1," and the other account was designated "Alvin Wechsler, Trustee, Trust No. 4." After Home turned over the funds in the trust accounts to the IRS, appellant made a demand upon the IRS for return of those funds on the grounds that they belonged to the designated trust and that he had no right, title, or interest in them. In about July of 1971 the funds were returned by the IRS.

---

[1]There was a stipulation that the demurrer by defendant United States be sustained and the complaints against United States be dismissed with prejudice. The dismissal was without prejudice regarding any defendant's claim against the United States for indemnification.

■■■■■■■■

On February 8, 1971, respondent was served with a notice of levy by the IRS; appellant Alvin Wechsler was listed as a delinquent taxpayer. The IRS claimed a lien "on all property or right to property, real or personal, now owned or subsequently acquired" by Wechsler until the tax had been satisfied. The notice of levy stated that taxpayer owed $32,726.34. A note on the notice of levy stated "This levy attaches to any right, title or interest which Alvin Wechsler may have in the Alvin Wechsler, Trustee Accounts No. 04-142505-9, 04-142506-7, and the Joseph Family Trust, Herbert Laskin, Trustee, Account No. 04-144346-6. Also, this levy attaches to any and all accounts which Alvin Wechsler may have with Home." A page of excerpts from the Internal Revenue Code accompanied the notice. Section 6332 (Surrender of Property Subject to Levy), section 6334 (Property Exempt from Levy), and section 6343 (Authority to Release Levy and Return Property) were quoted to respondent.

Respondent Home advised appellant of the receipt of the notice of levy by a letter dated February 16, 1971. The letter stated in part "The levy from the Internal Revenue Service attaches to any right, title, or interest which you may have in savings accounts, including trust accounts. Therefore, we have blocked the following three account numbers: 04-142506-7, 04-142505-9 and 04-144346-3. Under the terms of the levy we are obligated to forward to the Internal Revenue Service the amount required, if such amount is available in the savings accounts, within 30 days. This we must do unless you provide us with a Release prior to that time."

On March 4, 1971, a final demand was served by the Internal Revenue Service; it gave five days to comply and stated that if Home did not comply within those five days, it would be subject to the personal liability and/or penalty provisions of the Internal Revenue Code. Mr. Stickney, branch vice president of respondent Home, telephoned appellant on March 4 and advised that Home would pay the money to the Internal Revenue Service. On March 5, Stickney talked to a revenue officer and advised him that he was making Home determine the interest of Wechsler in these accounts. The agent stated that he was reviewing the Joseph Family Trust and would call back. He called back stating that the IRS would release the Joseph Family Trust but not the others. "They feel they have enough evidence to support the Levy on the other accounts."

Appellant wrote to Mr. Stickney on March 5, 1971, advising Stickney that appellant had "no interest whatsoever in the Alvin Wechsler, Trustee, accounts, and should you turn over any funds in those accounts to the Internal Revenue Service or anyone else, you will be held strictly accountable therefor." In a letter dated March 8, 1971, Stickney advised Mr. Wechsler that the funds were being turned over to the Internal Revenue Service. "I trust you are aware that under the terms of the Levy we had no other alternative but to remit the funds to the Internal Revenue Service." The money was returned by the Internal Revenue Service to Home Savings and Loan Association on or about July 30, 1971; Home reapplied the funds to the accounts from which they were taken. On these facts the trial court granted respondent summary judgment on the legal basis that (1) the purported causes of action are barred by section 6332, 26 United States Revenue Code, and (2) laches and estoppel are defenses. ▮ The issue dispositive of this case can be reduced to the question: Does the levy by the IRS pursuant to United States Revenue Code section 6332 require the holder of the funds levied upon to determine whether or not the property levied upon is truly "*subject*" to such levy as a matter of law? In our view it does not and we affirm the judgment.

DISCUSSION:

1. *Section 6332(d) of the Internal Revenue Code bars appellant's suit.*

With certain exceptions regarding life insurance and endowment contracts, Internal Revenue Code section 6332(a) provides that "Any person in possession of (or obligated with respect to) property or rights to property *subject to levy* upon which a levy has been made *shall,* upon demand of the Secretary or his delegate, surrender such property or rights . . . to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process." (Italics added.)

Section 6332(d) provides "Any person in possession of . . . property *subject to levy* upon which a levy has been made who, upon demand by the Secretary or his delegate, ·surrenders such property or rights to property (or discharges such obligation) to the Secretary or his delegate . . . shall be discharged from any obligation or liability *to the delinquent taxpayer* with respect to such property or rights to property arising from such surrender or payment . . . ." (Italics added.)

■ Appellant claims that the funds herein were not "subject to levy" and so the provisions of section 6332 do not apply. Respondent, however, claims that a property holder who surrenders the levied property is discharged from any obligation or liability to the delinquent taxpayer arising from such surrender. Respondent argues that section 6332(d) includes cases where the government levies upon property under an assessment that is incorrectly determined. Respondent further argues that since the property was not exempt under section 6334(a), which lists such items as wearing apparel and school books, furniture, and undelivered mail, the bank accounts or trust accounts are "subject to levy" under section 6332(a). Respondent also contends that to hold otherwise would require the property holder to ascertain the true title of the property before delivering it to the Internal Revenue Service or subject itself to personal liability for the amount claimed and a possible additional 50 percent penalty under subdivision (c) of section 6332.[2] (See *United States* v. *Trans-World Bank* (C.D.Cal. 1974) 382 F.Supp. 1100, 1102.)

The words "subject to levy" are ambiguous. They could mean (1) property that does in fact belong to the delinquent taxpayer and is being levied upon by the Internal Revenue Service; (2) property that is not "exempt" under section 6334, or (3) any property upon which the Internal Revenue Service, correctly or incorrectly, has levied. Senate Report No. 1708 on the Federal Tax Lien Act of 1966 (Pub. L. No. 89-719) contains two paragraphs on the meaning of subdivision (d) of section 6332. "The bill adds a new provision to the law making it clear that where a holder of property honors a levy with respect to a delinquent taxpayer and surrenders the property to the Government he is discharged from any obligation or liability *to the taxpayer* with respect to this property. This includes cases where the government levies on property *under an assessment which is incorrectly determined* . . . ."

"These new provisions are not intended to remove the liability of a property holder *to a third party* who owns the property where the holder

---

[2]"(1) . . . Any person who fails or refuses to surrender any property . . . subject to levy, . . . shall be liable . . . in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest . .'.

"(2) Penalty for violation.—In addition . . . such person shall be liable for a penalty equal to 50 percent of the amount recoverable . . . paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made." (26 U.S.C.A. § 6332(c) (1), (2).)(The amendment to this section, effective July 1, 1975, does not affect the instant case.)

*mistakenly surrenders* the property to the Internal Revenue Service. However, where there is a surrender of this property, there is provision for administrative relief, where the person involved may bring suit to recover the property." (Italics added.)

Assuming without deciding that Home's actions might subject it to liability to a third party (perhaps the beneficiaries of the trust), this provision in the Senate Report seems to indicate that the respondent Home, as the "holder," is not liable to the delinquent taxpayer for either a mistaken surrender or a surrender under an assessment that is incorrectly determined.

If Home had failed to comply with the tax levy, the cases make clear that it would have only two defenses in a suit by the United States government: "(1) that the person [Home] is not in possession of taxpayer's property or (2) that the taxpayer's property is subject to a prior judicial attachment or execution. [Citations.]" (*United States* v. *Trans-World Bank, supra,* 382 F.Supp. at p. 1105; *United States* v. *Sterling National Bank & T. Co. of N. Y.,* 494 F.2d 919, 921; *United States* v. *Cuti* (E.D.N.Y. 1975) 395 F.Supp. 1064, 1065.)[3]  ▮  The holder of property who takes the opportunity to investigate and determine that the property does not belong to the delinquent taxholder may therefore refuse to comply with the tax levy and will not, assuming that his investigation regarding the title of the property was correct, be liable in any way to the Internal Revenue Service. However, the Internal Revenue Code does not force such a duty of investigation upon the holder of property.  ▮  If no such investigation is made and the holder turns over the property to the Internal Revenue Service, although the holder might be liable to the true owners of the property, the holder will not be liable to the delinquent taxpayer.  ▮  The trial court properly decided that the sections of the Internal Revenue Code were a bar to the instant suit. Our decision on this point is dispositive of this case. No discussion of the asserted defenses of laches or estoppel is necessary.

The judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied May 13, 1976, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1976.

---

[3] *United States* v. *Cuti, supra,* involves the obligations of an escrow agent resulting from a tax levy affecting his principal. The court disagreed with his characterization of the property in the escrow account as not the property of the taxpayer; however, if the money in the account had not been the property of the taxpayer, the court indicated that that would have been a valid defense for the escrow agent.