Fal JOHNSON, et al., Plaintiffs,

v.

UNITED STATES of America and Gary A. Lofley, Defendants.

Fal JOHNSON, et al., Plaintiffs,

v.

UNITED STATES of America and Robert M. Taylor, Jr., Defendants.

Fal JOHNSON, et al., Plaintiffs,

v.

UNITED STATES of America and Roger D. Thayer, Jr., Defendants.

Fal JOHNSON, et al., Plaintiffs,

v.

UNITED STATES of America and Marlin Bryan, Defendants.

Fal JOHNSON, et al., Plaintiffs,

v.

UNITED STATES of America and Harry James Jordan, Defendants.

Nos. 83–27–Civ–T–13 to 83–31–Civ–T–13.

United States District Court,
M.D. Florida,
Tampa Division.

March 31, 1983.

W. Eric Venable, Venable and Venable, Tampa, Fla., for plaintiffs.

Loretta Anderson, Asst. U.S. Atty., Jane Juliano, Atty., Dept. of Justice, Tax Div., Washington, D.C., for defendants.

---

ORDER OF DISMISSAL

GEORGE C. CARR, District Judge.

This cause comes before the Court upon the defendant's, United States of America, motions to dismiss. The defendant has filed similar motions in all five (now consolidated) cases. Each motion is premised on identical legal argument and almost identical facts.[1]

The plaintiffs are trustees of a union vacation fund. They brought these actions for interpleader in state court to resolve what they see as a potential double liability for payments of the proceeds of the fund. The defendants are the individual recipients of the fund and the Internal Revenue Service (IRS). In early to mid September, 1982, the IRS sent the plaintiffs a notice of levy on the individual defendant's right to proceeds from the fund. The IRS claims that the individual defendants are delinquent taxpayers. The levy was made pursuant to 26 U.S.C. § 6332.

Citing the individual defendant's opposition to the levy, the trustees brought these actions for interpleader in state court. Upon their removal to this Court the IRS seeks to dismiss the cases arguing that this Court lacks subject matter jurisdiction because the plaintiffs are not subject to the necessary pre-condition for interpleader—double liability.

26 U.S.C. § 6332(a) provides for an IRS levy upon property of a delinquent taxpayer which is held by a third party. The third party must surrender the taxpayer's property or be liable himself for the value of the property. *See* 26 U.S.C. § 6332(c). The crucial provision with respect to this case is section 6332(d). This section provides that any person who surrenders a taxpayer's property to the IRS is discharged from his obligation to the delinquent taxpayer. Thus, the IRS avers that interpleader is inappropriate because the plaintiffs by virtue of section 6332(c) and (d) do not face

---

1. The only facts which are different in these consolidated cases are the names of the individual defendants, the amount of the IRS lien and the exact date of the notice of levy. However, the general date of the IRS notice of levy in all five cases was mid-September, 1982.

double liability. *See Bank of America Nat. Trust & Sav. Ass'n v. Mamakos,* 509 F.2d 1217 (9th Cir.1975). If the taxpayer wants to contest the levy from the third party he must file a claim for a refund to the IRS pursuant to 26 U.S.C. § 7422.

In response to the IRS's motion, the plaintiff avers that by contract, proceeds from the vacation fund were payable no earlier than the first day of the vacation period which in all cases was December 1, 1982. The IRS Notices of Levy were filed prior to that time in September, 1982. Thus, the plaintiffs argue that they could tender no property of the taxpayers to the IRS because the individual taxpayer's rights to such property had not vested.[2] In support of their argument the plaintiffs cite Treas.Reg. 301.6331–1 which provides that an IRS levy extends *"only to property possessed* and obligations which exist at the time of levy".* (emphasis added). As the taxpayer did not possess the vacation funds on September 22, the levy is arguably ineffective.

Notwithstanding the validity of the plaintiffs' arguments, the issue before the Court is not whether the plaintiffs may avoid tendering the taxpayer's interest in the vacation fund to the IRS. Rather, the issue is whether the plaintiffs would be exposed to double liability should they, in fact, tender to the IRS the individual defendant's interest in the fund.[3] As noted, Treas.Reg. 301.6332–1(c) grants a person immunity from an action by a taxpayer should the person mistakenly surrender the taxpayer's property to the IRS upon a notice of levy. That immunity, however, is not extended to a person who mistakenly surrenders the property of a third party who is not a subject to an IRS levy. *Id.*

In the instant case, the vacation fund has a specific antiassignment clause. *See* Vacation Plan para. IV. Thus, even if there were other third party claimants to the taxpayer's rights under the fund, which in this case there are not, those claims would be contractually invalid. The only party who could conceivably bring an action against the fund is the taxpayer and the plaintiffs have statutory immunity against such a claim. Thus, the plaintiffs do not face the prospect of double liability. As the plaintiffs cannot meet this basic requirement for interpleader, the defendant's motions are GRANTED. Accordingly, the Court DISMISSES these cases.[4]

DONE AND ORDERED in Chambers at Tampa, Florida, this 31st day of March, 1983.

---

2. The plaintiffs also state that the taxpayer's right to the vacation fund vested only after an application to the fund was made by the taxpayer. However, as the IRS's right to the fund is derivative of the taxpayer's, the IRS can file the necessary application to the fund. Once vested, the application for the funds is a mere perfunctory act. Thus, this aspect of the plaintiffs' argument is meritless.

3. The parties seem to be operating under the assumption that the Florida Rules of Civil Procedure, specifically Rule 1.240, apply to this case. However, federal law is clearly controlling, although the operative interpleader rules are almost identical. *See Hoye v. U.S.,* 277 F.2d 116 (9th Cir.1960). Thus, no matter what law applies, the crucial issue is whether the plaintiffs are exposed to "double or multiple liability." Rule 22, Fed.R.Civ.P.

4. The plaintiffs also seek attorneys' fees in this action. However, as the plaintiffs have not prevailed an award of attorneys' fees would be highly anomalous. Accordingly, the plaintiffs' request is DENIED. *See Bank of America, supra.*