Patricia B. **FARR**, Plaintiff–Appellant,

v.

**UNITED STATES of America; United Air Lines, Inc., Defendants–Appellees.**

No. 91–36317.

United States Court of Appeals, Ninth Circuit.

Submitted * Feb. 4, 1993.

Decided March 29, 1993.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Patricia B. Farr, Laclede, ID, pro se.

Gary R. Allen, Charles E. Brookhart, and Joel A. Rabinovitz, U.S. Dept. of Justice, Washington, DC, for defendant-appellee U.S.

Debra L. Boyd and Robert A. Siegel, O'Melveny & Myers, Los Angeles, CA, for defendant-appellee United Air Lines, Inc.

Before TANG, KOZINSKI, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Patricia B. Farr brought this action against her employer, United Air Lines, Inc. (United) and against the United States after the Internal Revenue Service (IRS) levied upon her wages. The IRS claimed that Farr had unpaid federal income tax liabilities and United turned over certain monies that it was holding on her behalf. She asserts defects in the levy procedures and also asserts that United improperly turned over exempt funds. The district court dismissed her action. We affirm in part and reverse in part.

## BACKGROUND

The IRS determined that Farr had not filed federal income tax returns for the years 1979 to 1982 and that she had tax deficiencies for those years. In due course, the IRS issued Notices of Levy which it served upon her employer, United. United duly sent funds it was holding on her behalf to the IRS, but her tax debt has not been fully discharged, so the levy on her wages remains.

Farr brought this action against the United States claiming, among other things, that the levies upon her wages were procedurally invalid and that the IRS had improperly disclosed taxpayer information. She also sued United. In that part of her action, she claimed that United had improperly turned over workmen's compensation benefits to which she was entitled in addition to her wages. She asserted, in effect, that United had converted those benefits. United has admitted for purposes of this appeal that it did, indeed, turn over workmen's compensation benefits.

The United States filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In the alternative, it asked for summary judgment. Fed.R.Civ.P. 56. In support of its motions it submitted copies of the "Certificates of Assessment and Payments" (certificates). The district court granted the motion on grounds that Farr had not stated a claim upon which relief could be granted. While it relied upon the certificates, it did not grant the motion for summary judgment.

United also moved to dismiss on grounds that pursuant to 26 U.S.C. § 6332(e) it was immune from actions brought by disgruntled taxpayers like Farr, whose property had been turned over to the United States pursuant to a levy. The district court granted that motion also.

Farr then appealed the dismissal of her action.

## JURISDICTION

"The existence of subject matter jurisdiction is a question of law reviewed de novo."

*Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992). However, "[t]he district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous." *Id.*

### A. *United.*

From the record before us, it appears that the district court did have jurisdiction over the conversion action against United upon, at least, diversity grounds. 28 U.S.C. § 1332. We, however, do not intend to make that the law of the case if the district court, upon remand, shall determine that the facts are otherwise.

### B. *United States.*

■ It is clear that the district court did not have jurisdiction to entertain Farr's action to the extent that she sought an injunction or declaratory relief against the IRS. *See Hughes*, 953 F.2d at 535–37. It is true that an injunction may sometimes issue where there are no circumstances under which the government could prevail on the merits and the taxpayer will suffer irreparable harm. *Id.* at 535. Nothing in the facts of this case even hints that those conditions could be fulfilled. Purely and simply, Farr did not pay her income taxes, or even file returns, despite the fact that she was earning significant amounts of income during the years in question.

■ We have held, however, that pursuant to 28 U.S.C. § 2410(a) there can be jurisdiction over an action to quiet title to personal property when the IRS has imposed a lien and the taxpayer seeks to contest the procedural validity of that lien. *Hughes*, 953 F.2d at 537–38. Farr has made just such an assertion. However, as to amounts that have already come into the hands of the IRS, no quiet title action will lie. *Id.* at 538. The United States argues that not even the continuing levy can support a quiet title action. We have held to the contrary. In *Hughes* we said that the taxpayer "can only use § 2410 to challenge the continued collection of taxes through the garnishment of ... wages." *Id.* at 538. *See also James v. United States*, 970 F.2d 750, 755–56 n. 11 (10th Cir.1992).

Fortunately for Farr, that slight opening may be enough to allow her to squeeze through the otherwise closed jurisdictional gate.

■ As the district court stated, in her complaint Farr merely made the unsupported assertion that the IRS liens were procedurally invalid. The IRS, for its part, then filed the certificates, which indicated that the necessary procedures had been taken and that the notices had been mailed. The certificates showed Farr's address. Those certificates were proper evidence of the propriety of the assessment proceedings in all particulars. *Hughes*, 953 F.2d at 539–40. However, although they were proper evidence, they were not necessarily conclusive evidence. *Id. See Keado v. United States*, 853 F.2d 1209, 1213–14 (5th Cir. 1988) (introduction of mailing certificate, mailing log book and affidavit supporting mailing of notices sufficient to prove actual mailing of IRS notices). *But see United States v. Wright*, 658 F.Supp. 1, 2 (D.Alaska 1986) (date-stamped copy of IRS notice and memorandum discussing it not sufficient evidence to prove mailing). Farr did submit a declaration that she never received the required notices. Given that declaration, if evidence outside the pleadings was going to be considered, Farr should have at least been given the opportunity to conduct some discovery before judgment was entered against her. Indeed, the district court did recognize the fairness of allowing discovery and suggested that it was unlikely that it would preclude Farr from having discovery if the merits of her claim were in question.

The district court said it was granting the government's motion to dismiss because Farr had not stated a claim upon which relief could be granted. That is an indication that the government's motion under Rule 12(b)(6) was granted. But in ruling, the district court relied upon the certif-

icates. However, evidence outside the pleadings, such as the certificates, cannot normally be considered in deciding a 12(b)(6) motion. *See Baker v. McNeil Island Corrections Ct.*, 859 F.2d 124, 127 (9th Cir.1988) (review for failure to state a claim limited to complaint). Given Farr's pleading alone, it cannot be said that she failed to state a claim when she alleged that the IRS did not follow the required notice procedures. Therefore, the dismissal cannot be sustained on pure 12(b)(6) grounds.

Nor can we uphold the dismissal as being one on the merits. The district court said it was not ruling on the merits and that it was specifically denying the government's summary judgment motion.

We recognize that in actions against the United States a failure to state a claim may also indicate a lack of jurisdiction. Here, the United States did also bring a motion pursuant to Rule 12(b)(1), and it *is* proper for the district court to consider evidence outside of the pleadings for the purpose of deciding a jurisdictional issue.[1] *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989). Nevertheless, the district court did not indicate that it was granting that motion. Moreover, just as it would have been fair to permit Farr to obtain some discovery if she were faced with a summary judgment motion on the merits, it would have been equally fair to allow her to obtain some discovery when faced with a 12(b)(1) motion. *See America W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 800–01 (9th Cir.1989); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430–31 n. 24 (9th Cir.1977).

Thus, we cannot uphold the dismissal on the alternate ground of Rule 12(b)(1). Instead, we must reverse the district court's determination that in light of the IRS cer-

---

1. Of course, "where jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, 'the trial court should employ the standard applicable to a motion for summary judgment.'" *Careau Group v. United Farm Workers*, 940 F.2d 1291, 1293 (9th Cir.1991) (citation omitted). *See also* *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.1987) ("A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits.") (Citations omitted.)

tificates Farr has not stated a claim upon which relief could be granted. In so doing we do not hold that Farr did or did not receive notices, nor do we hold that the IRS procedures were or were not defective.

In any event, the district court did have jurisdiction over the separate claim that an improper disclosure of return information was made. 26 U.S.C. § 7431.

## DISCUSSION

Two issues remain before us. First, did the district court properly dismiss Farr's claim that there was an unauthorized disclosure of her return information? Second, is United immune? We will consider each of these in turn.

### A. *Disclosure of Return Information.*

■ There can be no doubt that "returns and return information" are, generally speaking, confidential. 26 U.S.C. § 6103(a). Moreover, a violation of the confidentiality restrictions will support a civil action for damages against the United States. 26 U.S.C. § 7431(a)(1); *see Maisano v. United States*, 908 F.2d 408, 410 (9th Cir.1990).

While this right is important, it is not unlimited. Section 6103 provides for a number of exceptions. Among them is 6103(k)(6) which provides that the IRS may "disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available ... with respect to the enforcement of any other provision of this title."

Farr objects to the disclosure of return information in the notices of levy, copies of which were attached to her complaint. But the information disclosed in those notices of levy was necessary to the collection activity. Thus, it was squarely within the exemption under section 6103(k)(6). *See Maisano*, 908 F.2d at 410. Therefore, Farr's assertion that the United States was liable on this ground of her complaint must fail.

### B. *Immunity of United.*

■ The district court accepted United's claim that it was immune from any liability to Farr. In order to assess that claim, we must take a careful look at the statutory scheme. In so doing we follow the usual rule of statutory construction that it is the words of the statute which demand our scrutiny. *See United States v. Wilson*, — U.S. —, —, 112 S.Ct. 1351, 1354–55, 117 L.Ed.2d 593 (1992). Those are the words that we are required to effectuate. *See Estate of Cowart v. Nicklos Drilling Co.*, — U.S. —, —, 112 S.Ct. 2589, 2594–98, 120 L.Ed.2d 379 (1992). We must follow the plain meaning of those words and need not look to legislative history where their meaning is clear on their face. *See Connecticut Nat'l Bank v. Germain*, — U.S. —, —, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992). If the "statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart*, — U.S. at —, 112 S.Ct. at 2594; *see United States v. Galliano*, 977 F.2d 1350, 1351–52 (9th Cir.1992); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1341 (9th Cir. 1990).

When it comes to taxation, Congress has recognized that the flow of money into the coffers of the Treasury of the United States must be uninterrupted. It has therefore sought to remove all unnatural, and many natural, impediments to that flow. Taxpayers, like Farr, simply cannot decide that they are not going to pay their taxes. Whatever the state of their solvency may be, the solvency of the government must be assured to the extent possible. Therefore, Congress has made an expeditious administrative levy process available. The IRS may collect unpaid tax liabilities by resorting to the use of that weapon. *See* 26 U.S.C. § 6331(a); *see also United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). Section 6331(a) gives the IRS the power "to collect such tax ... by levy upon all property and rights to property (*except such property as is exempt under section 6334*) belonging to

such person...." (emphasis added). Property exempt from levy includes "[a]ny amount payable to an individual as workmen's compensation ... under a workmen's compensation law of the United States, [or] any State...." 26 U.S.C. § 6334(a)(7).

Of course, a person's property interest may often be in the hands of another. Were the IRS precluded from reaching those interests, its collection efforts would often be stymied. Not surprisingly, Congress has provided for that situation. The laws are designed to reach those interests and to encourage third parties to turn over the interests when the government issues a demand for them.

■ Thus, 26 U.S.C. § 6332(a) provides that, in general, "any person in possession of (or obligated with respect to) property or rights to property *subject to levy upon which a levy has been made* shall, upon demand of the Secretary, surrender such property or rights ... to the Secretary...." (emphasis added). If the person "fails or refuses to surrender any property or rights to property, *subject to levy, upon demand by the Secretary,*" the person will become personally liable. 26 U.S.C. § 6332(d)(1) (emphasis added). Penalties may also be exacted. 26 U.S.C. § 6332(d)(2). Clearly, a refusal to honor the levy will be at the third person's own risk. Even in somewhat doubtful circumstances the liabilities and penalties may be imposed. *See United States v. Donahue Indus., Inc.,* 905 F.2d 1325, 1331–33 (9th Cir.1990); *see also id.* at 1333–35 (Wallace, J., concurring and dissenting). As the Supreme Court has indicated, the party in possession has limited defenses to a levy on a taxpayer's property interests and will proceed at his own peril if he refuses to honor the levy. *National Bank of Commerce,* 472 U.S. at 721–26, 105 S.Ct. at 2925–27.

■ Of course, a third person put in that position might well complain that he is being forced to negotiate between the Scylla of IRS fury and the Charybdis of taxpayer vengeance every time a levy is made. Congress in its wisdom has made some provision for that difficulty. It has determined that:

> Any person in possession of (or obligated with respect to) property or rights to property *subject to levy upon which a levy has been made* who, upon demand by the Secretary, surrenders such property or rights to property ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e) (emphasis added).

The courts have pointed to that language and have interpreted it generously. *See Johnson v. United States,* 566 F.Supp. 1012, 1014 (M.D.Fla.1983) (trustees of a union vacation fund cannot dishonor a levy on employees' rights, and will have no liability in honoring it); *Wechsler v. Home Sav. & Loan Ass'n,* 57 Cal.App.3d 563, 567–69, 129 Cal.Rptr. 380 (1976) (third party cannot refuse to surrender amounts levied upon because account holder was a trustee for others; action against the third party is dismissed); *see also National Bank of Commerce,* 472 U.S. at 729, 105 S.Ct. at 2929.

United relies upon this statutory scheme for its assertion that it is immune from Farr's suit. It relies in vain.

In the first place, the plain words of the statute indicate that third persons are protected only when they turn over property which is "subject to levy." But for our purposes the parties have agreed that the property was workmen's compensation benefits. Those benefits are not subject to levy. They are exempt. 26 U.S.C. § 6334(a)(7). That is made even more clear by the whole statutory scheme. Section 6331(a) withholds from the IRS any power to levy upon exempt property. Section 6332(a) only requires third parties to turn over properties subject to levy and, of course, section 6332(e) only purports to protect a third party who turns over property subject to levy. No doubt Congress could have given third parties even more protection, especially if the IRS demanded a turnover of property that was actually exempt.

Congress did not expressly do so. That leads us to the second flaw in United's argument.

In this case, the IRS did not even purport to levy upon Farr's workmen's compensation benefits. Quite the contrary. The "Notice of Levy on Wages, Salary, and Other Income" specifically provided that wages, salary and income were levied upon "only to the extent that they do not include amounts specified as exempt from levy under Code Section 6334...." Thus, the IRS never did ask United to turn over Farr's workmen's compensation benefits—it eschewed any desire to have United do so. It is notable that the very statutes upon which United relies specifically provide that it need only turn over, and is only protected upon turning over, property "upon which a levy has been made...." 26 U.S.C. §§ 6332(a) and (e). Here there was no levy upon the benefits themselves. Thus, this case is unlike those where the government *was* attempting to levy on the very property in question, and the third party was attempting to dishonor the levy. *See Johnson,* 566 F.Supp. at 1013 (the government *did* levy on benefits; the claim was that the taxpayer had an insufficient interest in them); *Wechsler,* 57 Cal.App.3d at 565–67, 129 Cal.Rptr. 380 (the government *did* levy on bank accounts; the claim was that the taxpayer had no personal interest in them). Therefore, nothing in the record before us supports a determination that United is, or should be, immune from liability to Farr.[2]

■■■ United also argues that the Anti–Injunction Act, 26 U.S.C. § 7421, precludes this action against it. We do not agree. This is not a case where a taxpayer is attempting to prevent a third party from abiding by the tax laws or from acceding to the demands of the taxing authorities. *Cf., Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 770 (9th Cir.1986) (employee sought to sue employer because it had withheld taxes in accordance with federal law); *Maxfield v. United States Postal Serv.,* 752 F.2d 433, 434 (9th Cir.1984) (same). It is a case where the IRS has not attempted to collect taxes out of work-

men's compensation benefits, but United has, nevertheless, taken it upon itself to send those benefits to the government. As far as this record shows, should Farr prevail against United it will be on account of its unbidden meddling with her property rights. That will not interfere in any way with the IRS's tax collection efforts.

## CONCLUSION

It appears that despite the fact that she had substantial income from 1979 to 1982, Farr decided that she would not pay her taxes. The IRS was not amused. It took action to protect the fisc. By its efforts, it appears that the IRS has collected much of what Farr owes. However, she asserts that the IRS failed to give the notices required by law and, thus, that the continuing levy on her wages is procedurally invalid. Because she ought to have an opportunity to prove her assertion, we reverse the judgment dismissing that portion of her claim against the United States.

Nor can the dismissal of United stand. For our purposes, United agrees that, in effect, it turned over property that was neither subject to levy nor levied upon. Nevertheless, it claims that it can assert the defense of immunity. It cannot. Perhaps it can assert other defenses, but on this record we cannot tell. At any rate, the denouement of its litigation with Farr must await another day.

REVERSED as to the United States as to the claim that the continuing levy on wages is invalid, and otherwise AFFIRMED as to the United States. REVERSED as to United.

---

**2.** It goes almost without saying that United's

request for attorneys fees must be denied.