996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. VIX, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16315.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Vix appeals pro se the district court's dismissal for mootness of his complaint. He challenged the validity of federal tax liens and levies and sought injunctive relief from paying taxes on his earnings. The district court concluded that Vix's action for injunctive relief was rendered moot by the IRS's decision to abate the assessment. It granted the government's motion to dismiss the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. BACKGROUND
 
 3
 The IRS filed a notice of levy on Vix's wages, salary and other income with his employer when it determined that Vix failed to file federal income tax returns for the years 1979 through 1982 and 1984 through 1986. Vix alleges that the IRS improperly assessed his taxes and issued invalid notices before filing a lien on his wages. He sought declaratory and injunctive relief from IRS seizure of his property. After a hearing, the district court denied his TRO motion.
 
 
 4
 The government then moved to dismiss for lack of subject matter jurisdiction. The court found that it lacked subject matter jurisdiction over Vix's claims except to the extent he alleged the IRS did not send the statutory notices of deficiency to his last known address. Because the government did not present evidence of properly mailed deficiency notices, the court denied its motion.
 
 
 5
 After the IRS abated the assessments for the tax years at issue, the court granted the government's motion to dismiss Vix's complaint as moot. This appeal followed.
 
 II. MOOTNESS
 
 6
 Federal court jurisdiction is limited to justiciable controversies. Flast v. Cohen, 392 U.S. 83, 95 (1967). An actual controversy must exist at all stages of the review not just when the complaint is filed. Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974). "[N]o justiciable controversy is presented ... when the question sought to be adjudicated has been mooted by subsequent developments." Flast, 392 U.S. at 95. Generally, a taxpayer's injunctive relief action is moot if the taxpayer pays the assessed deficiency or the IRS abates the assessment. We review de novo questions of mootness. Williams v. United States, 905 F.2d 308, 310 (9th Cir.1990).
 
 
 7
 Although Vix correctly states that an "abatement still does not show that the government acted correctly," it does make the assessment ineffective. Any challenge to the assessment, therefore, is no longer sustainable as a live controversy. To the extent Vix argues that the IRS incorrectly assessed his tax deficiencies, his claim is moot. "Mootness is a jurisdictional defect" and is not a ruling on the merits. Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir.1989).
 
 III. REMAINING ISSUES
 
 8
 In addition to challenging the assessments, Vix contends he is entitled to declaratory and injunctive relief based on several general jurisdictional statutes waiving sovereign immunity. He also filed a quiet title action based on the lien. His arguments are meritless.
 
 
 9
 The Declaratory Judgment Act, 28 U.S.C. § 2201, specifically excludes suits seeking to interfere with the assessment or collection of federal taxes. Sorenson v. Secretary of Treasury of the United States, 752 F.2d 1433, 1437 (9th Cir.1985), aff'd, 475 U.S. 851 (1986). Vix is not entitled to declaratory relief.
 
 
 10
 Next, the Anti-Injunction Act, 26 U.S.C. § 7421, with a few exceptions, prohibits a taxpayer from challenging his assessed tax liability. Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Vix's action does not fall under any of these exceptions as it is based on the underlying abated assessments.
 
 
 11
 He also brought a quiet title action. 28 U.S.C. § 2410. The court did not directly address the quiet title claim in any of its rulings. The United States may be a party in a civil action "to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." Id. (emphasis added).
 
 
 12
 In a quiet title action, the taxpayer may challenge only the procedural aspects of tax liens and not the merits of the underlying tax assessment. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). A quiet title action is barred jurisdictionally if the United States claims a title interest, rather than a lien interest, in the disputed property. Id. A taxpayer may use a § 2410 action "to challenge the continued collection of taxes through the garnishment of ... wages." Id.; see Farr v. United States, 990 F.2d 451, 453 (9th Cir.1993).
 
 
 13
 We hold that the portion of Vix's quiet title claim based on defective notices of assessment and demand for payment is linked to the abated assessments and is moot. To the extent the action pertains to wages already seized by the government, we hold that § 2410 does not grant jurisdiction because the United States has a title interest, not a lien interest, in the wages.
 
 
 14
 As to future wages, the district court has jurisdiction to hear the claim. Yet, to maintain an action against the challenged lien and levy procedures, Vix must allege deficiencies in the notices of assessment and demand for payment. See Hughes, 953 F.2d at 538. This claim is tied inextricably to the abated assessments and is moot.
 
 
 15
 Vix's suggestion that he has no "income effectively connected with a trade or business within the United States" and that his occupation is not a taxable revenue activity is wholly without merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3