59 F.3d 175
 76 A.F.T.R.2d 95-5432
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. JENSEN, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 93-16459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1995.
Decided June 23, 1995.
 
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James L. Jensen appeals pro se the district court's dismissal of his action seeking quiet title relief pursuant to 28 U.S.C. Sec. 2410. The district court dismissed Jensen's action for failure to state a claim upon which relief can be granted. On appeal, Jensen also seeks to enjoin the Internal Revenue Service ("IRS") from further seizures of his wages. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 * The IRS found that Jensen had not filed federal income tax returns since at least 1979. In due course, the IRS determined that Jensen was liable for tax deficiencies for the years 1986, 1987, and 1988. The IRS began levying on Jensen's wages in July, 1992.
 
 
 4
 Jensen filed this action seeking quiet title relief under 28 U.S.C. Sec. 2410 and damages for the unauthorized disclosures of return information under 28 U.S.C. Sec. 7431.[1] Jensen also sought a temporary restraining order and a preliminary injunction to prevent the IRS from levying on his wages.
 
 
 5
 The district court denied Jensen's request for a temporary restraining order and a preliminary injunction. Finding that the IRS had properly assessed Jensen's taxes, the district court granted the government's motion to dismiss Jensen's action.
 
 II
 
 6
 In granting the government's motion to dismiss, the district court considered evidentiary matters beyond Jensen's complaint. Accordingly, we view the district court's judgment as one of summary judgment under Fed. R. Civ. P. 56. See International Longshoremen's & Warehousemen's Union, Local 32 v. Pacific Maritime Ass'n, 773 F.2d 1012, 1019 (9th Cir. 1985), cert. denied, 476 U.S. 1158 (1986). "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 (9th Cir. 1990).
 
 III
 
 7
 Jensen contends that the district court erred by dismissing his claim for quiet title relief. Jensen argues that the IRS failed to properly assess his taxes for 1986, 1987, and 1988 pursuant to 26 U.S.C. Sec. 6203.
 
 
 8
 In relevant part, section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a)(1); accord Farr v. United States, 990 F.2d 451, 453 (9th Cir.), cert. denied, 114 S. Ct. 634 (1993); Hughes v. United States, 953 F.2d 531, 537-38 (9th Cir. 1992). In a quiet title action a taxpayer may challenge only the procedural aspects of tax liens, not the merits of the underlying assessment. Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990). A section 2410(a) quiet title action is jurisdictionally barred if the United States claims a title interest, rather that a lien interest in the disputed property. Farr, 990 F.2d at 453; Hughes, 953 F.2d at 538. Therefore, taxpayers "can only use Sec. 2410 to challenge the continued collection of taxes through the garnishment of their wages." Hughes, 953 F.2d at 538; accord Huff v. United States, 10 F.3d 1440, 1444 n.3 (9th Cir. 1993), cert. denied, 114 S. Ct. 2706 (1994); Farr, 990 F.2d at 453.
 
 
 9
 To the extent that Jensen seeks quiet title relief for wages already seized, we conclude that the district court lacked subject matter jurisdiction over this claim. See Huff, 10 F.3d at 1444 n.3; Farr; 990 F.2d at 453; Hughes, 953 F.2d at 538. Therefore, we vacate the district court's judgment and remand with instructions to dismiss this claim for lack of subject matter jurisdiction.
 
 
 10
 However, to the extent that Jensen seeks quiet title relief for wages in which the government has a lien interest (future wages), we conclude that Jensen did state a claim upon which relief can be granted and that genuine issues of material fact remain.
 
 Section 6203 provides that:
 
 11
 The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules of regulation prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.
 
 
 12
 26 U.S.C. Sec. 6203. The regulation promulgated under this section states that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the tax period, if applicable, and the amounts assessed." 26 C.F.R. Sec. 301.6203-1.
 
 
 13
 We have held that the IRS may not rely solely on IRS Forms 4340 that do not include the "23C date," indicating the date on which the actual assessment was made, to prove that a taxpayer's tax was validly assessed. Huff, 10 F.3d at 1446.
 
 
 14
 Here, the government submitted Forms 4340 for each of the tax years in question. These forms set forth, for each of the taxable years: Jensen's name and social security number; the amounts of tax, penalties, and interest assessed; the type of tax assessed; the period for which the tax was assessed; and the dates various notices were issued to Jensen. However, the dates on which the tax was assessed (the "23C date") were not included on the forms. Moreover, the IRS did not submit Forms 23C (Summary Records of Assessments). Because the Forms 4340 did not include the "23C date" and because the IRS did not submit Forms 23C, the IRS may not rely solely on these Forms 4340 to establish that Jensen's tax was validly assessed. See id. Thus, the IRS has failed to demonstrate that there are no genuine issues of material fact regarding the procedural validity of Jensen's tax assessment. See id. Therefore, we vacate the district court's judgment and remand for further proceedings on this claim.
 
 IV
 
 15
 Jensen also seeks an injunction to prevent the IRS from continuing to levy against his wages. The Anti-Injunction Act limits actions to enjoin the assessment and collection of taxes. 26 U.S.C. Sec. 7421. The Act provides in part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person ...." Id. at Sec. 7421(a). Several statutory exceptions to the Act are provided, however, as well as one judicial exception. Elias v. Connett, 908 F.2d 521, 523 (9th Cir. 1990). A suit that does not fall into one of the enumerated exceptions must be dismissed for lack of subject matter jurisdiction. Id. "The taxpayer ... must, in addition to satisfying an exception to the Act, also allege sufficient grounds to warrant equitable relief." Id. "A statutory exception to the Act is available where the IRS: (1) assesses a deficiency before a deficiency notice is mailed; or (2) assesses, levies, or collects any deficiencies during the ninety-day period after the notice is sent." Id.
 
 
 16
 * Jensen's primary claim is that he did not receive a "Notice of Assessment and Demand for payment" as required by 26 U.S.C. 6303(a). No statutory exception to the Act is provided for failure to follow assessment procedures. Id. at 524 n.4. Jensen also contends that the IRS failed to forward a notice of deficiency by certified mail as required by section 6212(a). Although a statutory exception is provided for the government's failure to comply with section 6212(a), Jensen's claim is belied by the record. Jensen's only contention with regard to the notice of deficiency is that the government failed to send it via certified or registered mail. The record reflects, however, that the government produced in support of its summary judgment motion copies of the notice of deficiency and the certified mail log reflecting that the notices were sent by certified mail. Absent evidence to the contrary, the exception under the Act is inapplicable. See Elias, 908 F.2d at 524.
 
 B
 
 17
 Jensen also seeks an injunction pursuant to the judicial exception to the Act.
 
 
 18
 [A]n injunction may be obtained against the collection of any tax if (1) it is "clear that under no circumstances could the government ultimately prevail" and (2) "equity jurisdiction" otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury.
 
 
 19
 Commissioner v. Shapiro, 424 U.S. 614, 627 (1976) (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962)). The burden is on the taxpayer to establish that the government's claim has no merit. Church of Scientology v. United States, 920 F.2d 1481, 1486 (9th Cir. 1990), cert. denied, 500 U.S. 952 (1991).
 
 
 20
 Jensen can not overcome his burden of establishing that under no circumstances could the government ultimately prevail. As discussed above the government will succeed in establishing it sent proper notices of deficiency. Turning to the deficient assessment claim, although the omission of the 23C date from the Form 4340 failed to allow the government to rely solely on the Form 4340 to make their claim, a material issue of fact remains in dispute that may be resolved in the government's favor on remand. The government's production of the Form 23C reflecting a valid assessment could likely erase any remaining dispute. Jensen has failed to establish that under no circumstances could the government prevail.
 
 V
 
 21
 We VACATE the district court's dismissal of Jensen's action as it pertains to wages already seized by the IRS and REMAND with instructions to dismiss that portion of the action for lack of subject matter jurisdiction. We VACATE the district court's dismissal of Jensen's action as it pertains to future wages and REMAND for further proceedings. Because of our disposition, we do not need to reach the merits of Jensen's claim that the district court dismissed his action before he had time to conduct discovery. Jensen's two motions for injunctive relief are DENIED.
 
 
 22
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Jensen does not appeal the dismissal of his claim for damages for the unauthorized disclosure of return information