USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1278

 JACK T. FREDYMA,

 Plaintiff, Appellant,

 v.

 LAKE SUNAPEE BANK, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Shane Devine, Senior District Judge]

 Before

 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 

 Jack T. Fredyma on brief pro se.
 Michael D. Ramsdell and Gallagher, Callahan & Gartrell, P.A.on brief for appellee Lake Sunapee Bank.
 Loretta C. Argrett, Assistant Attorney General, William S.
Estabrook and Pamela C. Berry, Attorneys, Department of Justice and
Paul M. Gagnon, United States Attorney, on brief for the appellees,
United States of America, United States Department of Treasury, and
Internal Revenue Service.

November 3, 1998

 Per Curiam. Plaintiff-appellant Jack Fredyma appeals
 pro se from the dismissal of his claims against various federal
 defendants (the Internal Revenue Service, the Department of
 Treasury, and the United States) and the grant of summary
 judgment in favor defendant Lake Sunapee Bank (formerly
 Landmark Bank). We affirm.
 The underlying action stems from a levy placed by the
 Internal Revenue Service ("IRS") on a Landmark Bank account
 containing a certificate of deposit under the names of Fredyma
 and his mother. The bank honored the levy by withdrawing
 $9,338.00 from the account and sending the money to the IRS. 
 For the purposes of this appeal, it is assumed by all parties
 that the funds in the account derive from two lump sum workers'
 compensation payments to Fredyma totaling approximately
 $100,000.00.
 Fredyma contends that the bank account was immune
 from levy under 26 U.S.C. 6334(a)(7) (exempting from levy any
 amount "payable" to an individual as workmen's compensation). 
 This contention lies at the heart of a five count complaint
 filed against defendants on September 17, 1996. Three of these
 counts are at issue on appeal: Count I alleges wrongful levy
 by the IRS, Count II alleges reckless and intentional violation
 of 26 U.S.C. 6334(a)(7) by IRS officials, and Count V alleges
 that the bank violated state law in honoring the levy. 
 Fredyma's complaint indicates that he filed several
 "administrative complaints" protesting the levy prior to
 -2-
 initiating the instant lawsuit. The IRS allegedly responded,
 inter alia, that workers' compensation benefits are not exempt
 from levy upon deposit in a bank account. In the district
 court, both the federal defendants and the bank took the
 position that the funds at issue were not immune from levy.
 The district court dismissed Count I for lack of
 jurisdiction. In particular, the court concluded that Count
 II, which alleges a cause of action under 26 U.S.C. 7433, is
 the only claim as to which the United States has waived its
 sovereign immunity. Fredyma has made no persuasive argument
 otherwise on appeal, and we conclude that Count I was properly
 dismissed for lack of jurisdiction. 
 The district court entered judgment in favor of the
 defendants on Counts II and V after concluding that the funds
 at issue were not exempt from levy. Noting that the issue is
 one of first impression, the lower court concluded that the
 plain meaning of "payable" in 6334(a)(7) applies to an amount
 to be paid or capable of being paid but not money that has
 already been paid. Fredyma challenges this interpretation, and
 he points to legislative history which, he contends, indicates
 that Congress intended to protect monies paid. See H.R. Rep.
 No. 89-1884, at 61 (1996); S.R. No. 89-1708, at 19 (1966),
 reprinted in 1966 U.S.C.C.A.N. 3722, 3741.
 We affirm the dismissal of Count II on an alternative
 basis than that given by the district court. By its terms, 26
 U.S.C. 7433(a) permits the recovery of damages against the
 government only for "reckless[]" or "intentional[]" disregard
 of an Internal Revenue Code provision. Where, as here, the
 IRS's interpretation of the Code is, at the very least,
 reasonable, no action lies under 7433. Cf. United States v.
 Toyoto of Visalia, 772 F. Supp. 481, 492 (E.D.Cal. 1991)
 (indicating that it is not the intent of 7433 that "any time
 an officer of the IRS makes a mistake or simply does not agree
 with a particular interpretation of the law, the United States
 is liable for damages"), aff'd, 988 F.2d 126 (1993). In so
 holding, we express no opinion as to whether or not the IRS is
 correct in its interpretation.
 We also affirm the dismissal of Count V on an
 alternative basis. Contrary to Fredyma's suggestion, we
 conclude that 26 U.S.C. 6332(e) protects the bank from any
 liability arising from the surrender of the property. The
 Ninth Circuit opinion relied upon by Fredyma, Farr v. United
 States, 990 F.2d 451 (9th Cir. 1993) (holding that an employer
 was not immune from liability to a taxpayer for its improper
 transfer of workers' compensation benefits), is distinguishable
 on its facts. In Farr, the IRS never asked the party in
 possession to turn over workmen's compensation benefits;
 indeed, it eschewed any desire to have the party do so. Farr,
 990 F.2d at 457. By contrast, in the instant case the IRS
 levied on the very property in question. 
 Affirmed.