**G.E. CAPITAL MORTGAGE SERVICES INC., Plaintiff—Appellant,**

v.

**Gabriel MALDONADO; Juanita P. Maldonado; Cal Western Reconveyance Corporation, Defendants—Appellees.**

No. 04–15564.

D.C. No. CV–99–05405–JL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Nov. 21, 2005.

---

* The panel finds this case suitable for submission without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Datev K. Shenian, Leland, Parachini, Steinberg, Los Angeles, CA, for Plaintiff—Appellant.

Gabriel Maldonado, San Francisco, CA, pro se.

Juanita P. Maldonado, San Francisco, CA, pro se.

John D. Duncan and Peter J. Salmon, Esq., Moss, Pite & Doncan, LLP, El Cajon, CA, for Defendant—Appellee Cal Western Reconveyance Corporation.

Before NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM *

G.E. Capital Mortgage Services, Inc. ("G.E.") appeals the district court's grant of summary judgment in favor of defendants Cal–Western Reconveyance Corporation ("Cal–Western") in its civil action alleging improper distribution of surplus funds following a non-judicial foreclosure sale of property. G.E. also appeals the district court's *sua sponte* grant of summary judgment in favor of defendants Gabriel and Juanita Maldonado (the "Maldonados") for breach of contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). We affirm the district court's grant of summary judgment in favor of Cal–Western, and reverse the *sua sponte* grant of summary judgment in favor of the Maldonados.

The Maldonados' property was encumbered by two deeds of trust and an IRS tax lien. The senior deed was executed in favor of the United Savings Bank ("United Savings"), and the junior deed in favor of Becker Mortgage, of which Travelers Mortgage Services, Inc. ("Travelers"), and subsequently G.E., were successors in in-

terest. The Maldonados defaulted on the United Savings loan and the property became subject to a non-judicial foreclosure sale, pursuant to the power of sale contained in the first deed of trust. Cal–Western handled the default and foreclosure on behalf of United Savings.

Prior to the foreclosure sale, Cal–Western obtained a Trustee's Sale Guarantee ("TSG") which assured the priority of the recorded interests in the Maldonados' property. The TSG listed Travelers, not G.E., as the beneficiary under the second deed of trust. Cal–Western subsequently received notice that a Substitution of Trustee was recorded under the Travelers' deed of trust, identifying a substitute trustee for "G.E. Capital, f/k/a Travelers." The Substitution of Trustee did not specify a new address for the beneficiary, and Cal–Western only had actual knowledge of Travelers' address.

The foreclosure sale was conducted on December 9, 1998, resulting in a surplus of $141,504.36. Relying on the TSG, Cal–Western sent the notice of surplus funds to Travelers, the IRS, and the Maldonados. The Maldonados and the IRS each made timely claims to the surplus funds, while G.E. failed to submit a timely claim. On June 7, 1999 the IRS sent a notice of levy on the Maldonados' property for $123,364.10 to Cal–Western. Cal–Western honored the IRS levy and paid out the remaining surplus funds to the Maldonados and itself and its counsel, for statutory fees and reimbursement of expenses.

G.E. argues that Cal–Western failed to comply with its statutory duties in disbursing the surplus funds and wrongfully complied with the IRS levy.

### Grant of Summary Judgment to Cal–Western

The district court found, and the parties do not dispute, that Cal–Western had no duty to send notice of surplus funds to G.E. We agree with the district court and hold that there was no failure to give proper notice of surplus funds.

■ With certain exceptions not applicable here, any person in possession of or obligated with respect to property or rights to property subject to levy upon which levy has been made, must surrender the property or rights to the Secretary of the Treasury. 26 U.S.C.A. § 6332(a) (West Supp.1995). A person who fails to surrender the property subject to levy upon demand of the Secretary, "shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, ... together with costs and interest on such sum ...," and shall also be liable for a penalty equal to 50 percent of that amount. 26 U.S.C.A. § 6332(d); *see also Farr v. United States,* 990 F.2d 451, 456 (9th Cir.1993) ("the party in possession has limited defenses to a levy on taxpayer's property interests and will proceed at his own peril if he refuses to honor the levy.") (citing *United States v. National Bank of Commerce,* 472 U.S. 713, 721–26, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), *cert. denied,* 510 U.S. 1023, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993). Additionally, those who comply with the levy are generally "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C.A. § 6332(e); 26 C.F.R. § 301.6332–1(c) (1995); see *Farr,* 990 F.2d at 456; *United States v. Hemmen,* 51 F.3d 883, 887 (9th Cir.1995).

We hold that Cal–Western was required to honor the levy and that the levy trumped any obligation of Cal–Western to distribute funds to G.E. We also find Cal–Western immune from liability under

§ 6332(e). G.E.'s remaining contentions with respect to Cal–Western lack merit.

### Grant of Summary Judgment to Gabriel and Juanita Maldonado

A *sua sponte* entry of summary judgment is proper only if "there is no genuine dispute respecting a material fact essential to the proof" of the prevailing party's case and the litigant against whom judgment is entered is "given reasonable notice that the sufficiency of his or her claim will be in issue." *O'Keefe v. Van Boening*, 82 F.3d 322, 324 (9th Cir.1996) (internal quotations omitted); *see Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1092 (9th Cir.2004).

 Upon review of the record, we conclude that the district court did not provide G.E. with sufficient notice that the sufficiency of its claims against the Maldonados would be in issue, or give it a full and fair opportunity to ventilate the issues in the case. *See Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982). Accordingly, we reverse the district court's grant of summary judgment in favor of the Maldonados without prejudice to renewed consideration once G.E. has been afforded adequate notice that the sufficiency of its claims will be at issue and has been given an opportunity to respond.

For the reasons stated, the district court's grant of summary judgment in favor of Cal–Western is AFFIRMED. The grant of summary judgment in favor of Gabriel and Juanita Maldonado is REVERSED. G.E.'s Motion Requesting Judicial Notice of Legislative History of California Statutes is DENIED. Cal–

Western's Motion to Strike is also DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.