BLD-253                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2221
_____

CLAUDIA LANIER,

Appellant

v.

WACHOVIA BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-04566)
District Judge:  Honorable William H. Yohn

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010

Before: RENDELL, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 19, 2010)
_____

OPINION
_____

PER CURIAM

    As the parties are familiar with the facts, we will not go into them in detail.

Essentially, Claudia Lanier sued Wachovia Bank in the Pennsylvania Court of Common

Pleas because Wachovia Bank garnished her earnings and turned over her bank deposits to the Internal Revenue Service ("IRS") in response to one or more notices of levy from the IRS. Wachovia Bank removed the suit to federal court and moved to dismiss it. The District Court granted the motion, and Lanier appeals. Lanier also requests that we stay the garnishment.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Our review is plenary. See Lum v. Bank of Am., 361 F. 3d 217, 223 ( 3d Cir. 2004). Because Lanier's appeal does not have an arguable basis in fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court properly dismissed Lanier's complaint. Despite her many proposed theories of relief under federal and state law, Lanier did not state a claim upon which relief could be granted based on her allegations. Wachovia Bank is immune from suit for complying with the notice or notices of levy from the IRS. The Internal Revenue Code provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the

---

[1] We reject Lanier's contention that there is no federal question in this case. We also reject her argument on appeal that her case was improperly removed to federal court on the grounds that a defendant may remove a case to federal court only when the case was originally filed in the Superior Court of the District of Columbia. She simply misapprehends the import of 28 U.S.C. § 1451.

delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e); see also Farr v. United States, 990 F.2d 451, 456 (9th Cir. 1993) (noting that § 6332(e) saves a third person served with a levy from being "forced to negotiate between the Scylla of IRS fury and the Charybdis of taxpayer vengeance"); Weissman v. United States Postal Serv., 19 F. Supp. 2d 254, 261 (D.N.J. 1998) (collecting cases and noting the generosity of the grant of immunity).

To the extent that Lanier contested the underlying validity of the tax assessment, her arguments were misdirected. See Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985) (holding that a dispute relating to the underlying tax assessment does not alter the obligation to honor the levy). Furthermore, to the extent that Lanier contested the underlying validity of the tax assessment, her arguments have been roundly rejected as frivolous tax protester rhetoric, as the District Court explained.

For these reasons, we will dismiss her appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Lanier's motion to stay the garnishment is denied.

3